[No. 5789. Decided November 25, 1905.]

A. G. BOYD, *Appellant*, v. AMERICAN SAVINGS BANK AND TRUST COMPANY, *Respondent.*

ESCROWS—CERTIFICATE OF STOCK—DELIVERY UPON STIPULATED PAYMENTS—ACTION BY VENDOR FOR POSSESSION—NON-PERFORMANCE BY VENDEE—EVIDENCE—DIRECTING VERDICT FOR DEFENDANT. Where stock was delivered to a bank in escrow to be delivered to a purchaser upon the payment of $2,000 in certain monthly installments, a finding of a substantial compliance with the contract upon the part of the purchaser is sustained by the evidence, where it appears that it was arranged that, during the owner's absence from the state, he should draw on the bank for the amounts due, that $1,000 was deposited to his credit in monthly installments practically as agreed upon, before he returned, at which time $300 was past due, and he was informed that the purchaser had been waiting for him to draw when the funds would be ready; that the day after his return the $300 was deposited before any demand was made by him, and at the time of his demand for the stock, three or four days later, nothing was due on the contract; and in an action by him to recover the stock, a verdict is properly directed for the defendant.

Appeal from a judgment of the superior court for King county, Poindexter, J., entered May 19, 1905, upon the verdict of a jury rendered in favor of the defendant by direction of the court, after a trial on the merits, in an action against the holder to recover possession of a certificate of stock placed in escrow. Affirmed.

*Aust & Terhune,* for appellant.

*Roberts & Leehey* and *L. V. Ray,* for respondent.

HADLEY, J.—This action was brought to recover the possession of a certain certificate of stock, or the value thereof if delivery cannot be had. The certificate calls for one hundred and fifteen shares of the capital stock of the Seattle Iron & Wire Works, a corporation, and it is stipulated in writing between the parties that, for all the purposes of this

1Reported in 82 Pac. 904.

suit, the stock shall be deemed to be of the value of $2,000. The complaint alleges that the plaintiff is the owner and entitled to the possession of the stock, and that it is unlawfully withheld by the defendant. The answer is a general denial. The cause came on for trial before a jury, and at the conclusion of the testimony, a motion by the defendant for a directed verdict in its favor was granted. A similar motion made by the plaintiff was denied. A verdict for the defendant was returned and judgment was entered thereon to the effect that, at the beginning of this suit, the defendant was rightfully in the possession of the certificate of stock; that the plaintiff was not entitled thereto, and that the defendant shall recover costs. The plaintiff has appealed.

The material facts shown in evidence were about as follows: On or about the 4th day of May, 1904, the appellant, as owner of said stock, entered into an agreement with one Briscoe, pursuant to which the two deposited the certificate with the respondent upon the following written terms:

"ESCROW MEMORANDUM.

"Seattle, Wash., May 2nd, 1904.

"The attached certificate of stock for one hundred and fifteen (115) shares of the Seattle Iron and Wire Works is deposited with the American Savings Bank & Trust Co., subject to the following conditions: The stock is the property of A. G. Boyd and is deposited by him to be delivered to S. C. Briscoe or order upon said S. C. Briscoe paying therefor two thousand ($2,000) dollars in the following manner and on or before the following dates, to wit: The sum of $100.00 paid upon depositing the stock this date. The sum of $200.00 to be paid May 23rd, 1904. The sum of $200.00 to be paid June 23rd, 1904. The sum of $100.00 to be paid July 23rd, 1904, and on the 23rd of each succeeding month thereafter the sum of $100.00 until the whole purchase price is paid. In case of failure to make any payment the American Savings Bank & Trust Co. is instructed hereby to deliver the stock to said A. G. Boyd or his order. In case all payments are made then said American Savings Bank and Trust Co. is instructed to deliver said stock to said S. C. Briscoe. All pay-

ments referred to are to be made at the American Savings Bank and Trust Co."

Respondent on the same day accepted the possession of the certificate, with the above memorandum of agreement attached thereto. The one hundred-dollar cash payment made on that day was, at appellant's request, placed to the latter's credit in the respondent bank, and it was understood that subsequent payments should be likewise credited. Soon after this time, appellant was making arrangements to go to San Francisco, where he expected to remain for some time. Prior to going away, he consulted with respondent's manager about the best manner to draw for this money while he was away. The manager told him to draw checks upon his account with respondent through the latter's San Francisco banking correspondent. This was accordingly done while appellant was in San Francisco. It will be noticed from the foregoing quoted memorandum of agreement, that the sum of $200 was to be paid on the 23d day of May, a like sum on the 23d day of June, and $100 on the 23d day of each succeeding month. The following sums were by respondent placed to the credit of appellant's account·

| | |
|---|---:|
| "May 4th | $100.00 |
| May 25th | 200.00 |
| June 24th | 200.00 |
| July 29th | 100.00 |
| Sept. 26th | 100.00 |
| — — — | 100.00 |
| Oct. 24th | 100.00 |
| Nov. 23d | 100.00" |

It will be seen that the credits, and the several amounts thereof, correspond with the number of months, and the amounts to be paid in those months, inclusive of the month of November. There is some discrepancy between the dates of some of the deposits and the dates for payment named in the contract; but it does not appear when the payments were actually made "at the American Savings Bank and Trust

Co.," as provided in the contract. The dates shown relate only to the time when the several sums were placed to the credit of appellant's account in the bank. No sum was by respondent placed to the credit of appellant's account during the succeeding months of December and January. In the month of February appellant returned from San Francisco. On the 28th day of the latter month he called, early in the day, at respondent's bank, and had his passbook balanced. The balance shown was with reference to the close of business on the day before, and no deposits therefore appeared for the months of December and January. On the same day a payment of $300, by check to appellant or bearer, was, by the assignee of the contract, handed to the bank, and by the latter placed to the credit of appellant's account. The said amount made the aggregate sum of the credits, the full amount due under the contract up to that time. During appellant's absence he had drawn all that had been previously credited to his account, except $128, and at the time he called at the bank he was told by the bank officers that the assignee of the contract was waiting until appellant should draw when the amount would be placed to his credit. He at that time presented no check, asked for no money, and made no demand for the certificate of stock. A few days afterwards, on the 4th day of March, he went to the bank and demanded possession of the certificate of stock, which was refused.

Did the court err in instructing a verdict for respondent? The remarks of the trial court, appearing in the record, indicate that he believed there was a substantial compliance with the contract, in that it was understood that appellant would from time to time draw upon respondent for this money during his absence, and that the money would be ready to meet such demands. The manager of the bank testified that the assignee of Briscoe had arranged with the bank to meet the payments for him. The court held that the bank thereby became his agent to make the payments, if he should overlook them, and the manager also testified that appellant agreed that

he would draw upon the bank for these payments, and also that such drafts would have been paid. It is certain that no demand was ever made of the bank as escrow holder for money due or arising from this contract when it was not forthcoming, and we believe the court was right in holding that there was such a substantial compliance as prevented a forfeiture. $1,300 on a contract calling for a total of $2,000 had been paid and credited to appellant's account before he demanded possession of the stock, and not another dollar was then due. Respondent was a mere escrow holder and, in view of the payments made, the contract left with it showed that, when demand for possession of the stock was made, nothing was then due. Under such circumstances respondent should not have yielded possession of the stock.

We think the court did not err in its instruction, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, DUNBAR, ROOT, and CROW, JJ., concur.